CITY OF BOULDER CITY, NEVADA, PETITIONER, *v.* LORRAINE H. KAUTZ, CITY CLERK OF BOULDER CITY, NEVADA, RESPONDENT.

No. 5632

July 11, 1968                                    442 P.2d 892

*Russell W. McDonald* and *Frank W. Daykin,* of Carson City, for Petitioner.

*J. Forest Cahlan,* City Attorney of Boulder City, for Respondent.

## OPINION

By the Court, THOMPSON, C. J.:

By mandamus, Boulder City seeks to compel its City Clerk to give notice to the county general obligation bond commission of the City's proposal to issue general obligation bonds for the improvement of the city water system. This notice is required by NRS 350.005.

Boulder City was incorporated in 1959. At that time state law limited municipal corporation bonds to a maturity term of not longer than 20 years, and to denominations of $100, $500, or $1,000. By 1965 amendment the maximum term was extended to 30 years (NRS 350.100) and denominations authorized in the sum of $100, or even multiples thereof (NRS 350.080). The City bond resolution at hand would authorize a bonded indebtedness of $750,000, each bond to be in the denomination of $5,000, and maturing serially not later than 30 years from the date thereof.

The City Clerk refused to give the required notice on the ground that the limitations of state law in force when Boulder City was incorporated became a part of its charter by operation of law and cannot be changed by later legislative amendment. Thus, she contends that the proposed bond issue calling for

bond denominations of $5,000 and a 30-year term are not authorized. This contention is not sound.

1. Nevada Constitution, art. 8, § 8,[1] provides for the organization of cities and towns. Pursuant to that provision the legislature has enacted certain chapters relating to municipal incorporation. NRS ch. 266, entitled "General Law for Incorporation of Cities and Towns," is the type of legislation referred to in the first clause of art. 8, § 8. When incorporated thereunder, a separate city charter is not adopted since the legislative act itself sets out the specifics of city government and, in effect, constitutes the charter. On the other hand, NRS ch. 267 is the type of legislation contemplated by the proviso clause of art. 8, § 8. This chapter, entitled the "Commission Form of Municipal Government," allows any city incorporated thereunder to frame its own charter.

Boulder City was incorporated under ch. 267 and enjoys the powers granted to such a city by state law and by its own charter. NRS 267.120[2] specifically grants to cities incorporated under ch. 267 all powers "which are now or may hereafter be conferred" by the laws of the state. The 1965 amendments concerning the maximum term and denominations of municipal corporation bonds is a power "hereafter conferred" upon Boulder City.

Two footnoted[3] sections of the Boulder City Charter are

[1] Art. 8, § 8, reads: "The legislature shall provide for the organization of cities and towns by general laws and shall restrict their power of taxation, assessment, borrowing money, contracting debts and loaning their credit, except for procuring supplies of water; provided, however, that the legislature may, by general laws, in the manner and to the extent therein provided, permit and authorize the electors of any city or town to frame, adopt and amend a charter for its own government, or to amend any existing charter of such city or town."

[2] NRS 267.120 reads: "Any city, town or unincorporated area adopting a charter under the provisions of this chapter shall have all of the powers which are now or may hereafter be conferred upon incorporated cities by the laws of the state, and all such powers as are usually exercised by municipal corporations of like character and degree, whether the same shall be specifically enumerated in this chapter or not."

[3] Sec. 3(1)—"The city shall have all the powers granted to municipal corporations and to cities by the constitution and general laws of this state together with all the implied powers necessary to carry into execution all the powers granted."

Sec. 121(2)—"Whenever any reference is made to any portion of the Nevada Revised Statutes or of any other law of the state, or of the United States, such reference shall apply to all amendments thereto now or hereafter made."

relevant. NRS ch. 350 authorizing the issuance of municipal bonds is a "general law of this state" within the contemplation of § 3(1), and § 121(2) makes it clear that amendments to a general law confer the powers therein expressed upon the city. Thus, the legislative act under which Boulder City was incorporated, ch. 267, and that city's charter, each authorizes the general obligation bonds in the denominations and for the term proposed by the resolution at hand.

2. This proceeding would not have arisen but for a 1934 opinion of this court in State ex rel. Owens v. Doxey, 55 Nev. 186, 28 P.2d 122, which may be read to cast doubt upon the validity of Boulder City's proposed bond issue. We expressly overrule Doxey insofar as it purports to have application to a ch. 267 municipal corporation. The underpinnings of Doxey were certain provisions of a 1907 Act [1907 Stats., ch. 125; NCL 1100 et seq.], the forerunner of our present ch. 266. Those provisions bear no relevance to the commission form of municipal government, i.e., a ch. 267 municipality.

A peremptory writ of mandamus shall issue forthwith.

COLLINS, ZENOFF, BATJER, and MOWBRAY, JJ., concur.